IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PIERRE DOWNS, | § | |
| | § | No. 116, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1610003784 A & B |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: November 16, 2022
Decided: February 14, 2023

Before **SEITZ**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

On this 14th day of February 2023, it appears to the Court that:

(1) The defendant-appellant, Pierre Downs, appeals from a Superior Court sentence order declaring him an habitual criminal under 11 *Del. C.* § 4214(c). He argues that the Superior Court erred when it *sua sponte* continued a scheduled sentence hearing in order to give the State an opportunity to file a new or revised motion declaring him an habitual offender. For the reasons that follow, we have concluded that the Superior Court's judgment should be affirmed.

(2) In 2018, a jury found the defendant guilty of robbery in the first degree, assault in the third degree, theft of a firearm, and conspiracy in the second degree. The same jury in a severed trial found the defendant guilty of possession of a firearm

by a person prohibited ("PFBPP"). The State filed a motion to declare the defendant an habitual offender pursuant to 11 *Del. C.* § 4214(d) and the Superior Court granted it at sentencing on April 6, 2018. Section 4214(d) applies where a person who has two times been convicted of a violent felony is then convicted of a third violent felony.[1] The defendant was sentenced to 27 years at Level V for robbery in the first degree, 17 years at Level V for PFBPP, and suspended periods of Level V for the other charges. His sentence order reflected that he was sentenced as an habitual offender on the robbery in the first degree and PFBPP charges.

(3) In the defendant's direct appeal to this Court, his convictions for robbery in the first degree, assault in the third degree, and conspiracy in the second degree were affirmed, but his convictions for PFBPP and theft of a firearm were vacated.[2] Following the appeal, the Superior Court resentenced the defendant. The new sentence order imposed the same sentences for first degree robbery, assault in the third degree, and conspiracy in the second degree. After he was resentenced, the defendant filed two *pro se* motions: a motion for correction of sentence and a motion for correction of an illegal sentence. In the motion for correction of sentence, the defendant alleged that he was not subject to habitual offender sentencing because one of the two predicate prior convictions, specifically a prior conviction for

---

[1] 11 *Del. C.* § 4214(d).
[2] *Downs v. State*, 206 A.2d 835, 2019 WL 1040407, at *6 (Del. Mar. 4, 2019) (ORDER).

2

possession of a deadly weapon by a person prohibited (PDWBPP), was not a violent felony when it occurred. In response to this motion, the State argued that the defendant was also subject to habitual sentencing under 11 *Del. C.* § 4214(c), which applies where a person has been two times convicted of a felony, and one time convicted of a violent felony, and is then convicted of a subsequent violent felony.[3] The defendant's motion for correction of an illegal sentence asserted that his resentencing occurred without his knowledge and in his absence.

(4) The Superior Court denied the motion for correction of an illegal sentence. The defendant appealed that denial to this Court. On appeal, the State recommended that the case be remanded for a new resentencing where the defendant could attend with counsel and make any arguments he wished concerning sentencing, with the Superior Court then entering such order or orders as may be appropriate.[4] This Court agreed, vacated the defendant's sentence order, and remanded the matter for a new hearing.[5]

(5) On remand, the Superior Court held an office conference with counsel at which resentencing and other matters were discussed. The new sentence hearing was scheduled for November 23, 2021. Prior to the hearing, defense counsel wrote a letter to the Superior Court indicating that if the State presented a motion to declare

---

[3] 11 *Del. C.* § 4214(c).
[4] *Downs v. State*, 259 A.2d 1272, 2021 WL 4075079, at *2 (Del. Sept. 7, 2021) (ORDER).
[5] *Id.* at *3.

the defendant an habitual offender at that hearing, the motion would be opposed.

(6) When the hearing opened, the Superior Court raised the issue of the defendant's status as an habitual offender. Defense counsel took the position that his habitual offender status was not before the court because no habitual offender motion had been filed by the State for that sentence hearing. The State informed the court that it intended to rely on the habitual offender motion filed in 2018. The 2018 motion asserted habitual offender status pursuant to Section 4214(d) only, which as mentioned, imposes habitual offender status where there is a third conviction of a violent felony following two prior violent felony convictions.[6] The defense argued that Section 4214(d) of the habitual offender statute was not applicable to the defendant because the PDWBPP conviction was not a violent felony when it occurred. The State argued that there was an "adequate factual record to support finding that the [possession of a deadly weapon by a] person prohibited charge was, in fact, a violent offense" because the defendant had a previous conviction of possession of a destructive weapon when he was charged with the predicate PDWBPP.[7] The prior conviction of Possession of a Destructive Weapon, according to the State, elevated the predicate PDWBPP to a violent felony. The parties disagreed on that point. Arguments continued and the court finally commented that:

---

[6] 11 *Del. C.* § 4214(d).
[7] App. to Opening Br. at A157.

4

"Well, counsel, this is the first occasion on which the Court has been presented with some of the arguments that have been presented today."[8]

(7)  After a recess, the court decided not proceed with sentencing at that time, due to the fact that:

> [S]ome new argument and information has been presented today with regard to Mr. Downs' habitual offender status that was not previously known, either to the Court or to the State . . . .  But I will note again that I did give the defense an opportunity to raise the issues prior to today's hearing, and had that been done, the State, I believe, would have had an opportunity to respond or determine its position based on that.  And certainly, there has been an element of surprise here with regard to those issues.[9]

The Superior Court decided to give the State an opportunity to file a new or revised motion to declare the defendant an habitual offender.  Because the defense raised certain arguments for the first time at the November 23, 2021 hearing, the court decided the State had not had an adequate opportunity to respond to all of the defense arguments.  The court also noted that, in addition to its original motion alleging that the defendant was an habitual offender under 4214(d) the State had previously "made arguments . . . regarding whether Mr. Downs would be considered an habitual offender under 4214(c)."[10]  The defendant opposed the court's decision to postpone sentencing.

---

[8] *Id.* at A162-63.
[9] *Id.* at A164-65.
[10] *Id.* at A171.

5

(8) On December 6, 2021, the State filed a new habitual offender motion pursuant to Sections 4214(c) and (d). On March 14, 2022, the court held another sentence hearing. The court then declared the defendant an habitual offender under 11 *Del. C.* § 4214(c). The original sentence of 27 years at Level V for robbery first degree was reimposed upon the defendant as an habitual offender.

(9) On appeal, the defendant claims that the Superior Court's *sua sponte* postponement of the defendant's November 23, 2021 sentence hearing and *sua sponte* invitation to the State to refile its habitual offender motion adding a separate section of the statute not raised in the State's original motion was an abuse of discretion.[11] The defendant contends that the court misapplied its inherent powers to manage its docket when it "explicitly postponed the hearing so the State could have a better opportunity to respond to the defense arguments."[12] The State argues that the sentencing was postponed because the defense presented a new legal argument.[13] It further argues that permitting it a reasonable opportunity to respond to a new argument was neither unfair nor prejudicial to the defendant.[14] The State contends that on the merits, the defendant is an habitual offender, and cases should be decided on the merits and not on procedural grounds.[15]

---

[11] Opening Br. at 16.
[12] *Id.* at 22.
[13] Answering Br. at 19.
[14] *Id.*
[15] *Id.* at 16-17.

6

(10) The defendant also argues that the court violated Superior Court Criminal Rule 32(a)(3).[16] That rule requires that a motion to declare a defendant an habitual criminal must be filed "promptly after conviction and before sentence."[17] The defendant believes that under Rule 32(a)(3) the State should have been confined to its 2018 motion.[18] The State argues that its new motion filed December 6, 2021 was timely because the defendant was not sentenced until March 14, 2022.[19]

(11) The parties disagree on the Standard of Review that should be applied here.[20] The defendant attempts to obtain *de novo* review by stating that this is a review of a question of law regarding the interpretation of the habitual sentencing statute.[21] It is clear to us, however, that abuse of discretion is the appropriate standard of review. "An abuse of discretion occurs when the trial court exceeds the bounds of reason or has ignored recognized rules of law or practice so as to product an unjust result."[22]

(12) The main question as framed by the parties is whether the Superior Court properly exercised its inherent power to "manage its affairs"[23] when it postponed the

---

[16] Opening Br. at 23-24.
[17] Super. Ct. Crim. R. 32(a)(3).
[18] Opening Br. at 21-22.
[19] Answering Br. at 17-18.
[20] Opening Br. at 16-17; Answering Br. at 6.
[21] Opening Br. at 16-17.
[22] *Coppedge v. State*, 872 A.2d 959, 2005 WL 991252, at *2 (Del. Apr. 26, 2005) (ORDER) (citing *Firestone Tire & Rubber Co. v. Adams*, 541 A.2d 567, 570 (Del. 1988)).
[23] *State v. Harris*, 616 A.2d 288, 291 (Del. 1992).

sentence hearing. The defendant claims the court abused its power. The State claims it did not.

(13) It is well established that the Superior Court has the inherent power to "manage its affairs and to achieve the orderly disposition of its business."[24] We find it unnecessary to engage in an extensive discussion of that power in this case, however, because it is clear to us beyond doubt that the Superior Court's conduct was well within the permissible exercise of the court's discretion.

(14) Both parties were aware that the defendant's status as an habitual offender would be an issue at the November 23, 2021 sentence hearing. The defendant raised arguments that had not been raised previously in support of his position that he was not an habitual offender under Section 4214(d). The State had previously put the defendant on notice, after the defendant filed his motion for correction of sentence, that the defendant was also an habitual offender under Section 4214(c). After fully listening to the arguments of both sides at the November 23, 2021 sentence hearing, the judge decided that the State should have an opportunity to file a revised motion. There is no abuse of discretion when a trial judge gives parties an opportunity to fully develop the record before ruling on an issue's merits. There is no unfair prejudice to the defendant here because he was given a full opportunity to be heard and he is, in fact, an habitual offender under

---

[24] *Id.*

8

Section 4214(c).

(15) Finally, there is no violation of Superior Court Criminal Rule 32(a)(3). The relevant sentencing date is March 14, 2022, which was after the revised motion was filed.

NOW, THEREFORE, it is the order of the Court that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

9